Dear Mr. Chandler:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research.
You inquire whether the law permits an individual to simultaneously hold the position of city housing authority commissioner and the position of city mayor or city councilman. Our response is governed by the following provision of Louisiana's Dual Officeholding and Dual Employment law, stating:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. LSA-R.S. 42:63 (D).
Both the offices of mayor and councilman are local elective offices; the housing commissioner is a part-time appointive office, which position is designated by the mayor. The dual officeholding statute quoted above prohibits one holding an elective office in a political subdivision of this state while holding a full-time appointive office in the government of a political subdivision. An appointment as Commissioner of the Housing Authority for the Town of Colfax is not a full-time appointive office, and therefore the prohibition is not applicable. It is permissible for an individual to hold the part-time appointive office of commissioner and either the elective office of mayor or councilman. For your further reference, note that a full-time position would require a person to work at least seven hours per day of work and at least thirty-five hours per week; a part-time position is less than the number of hours of work defined as full-time. LSA-R.S. 42:62 (4) (5).
This opinion reaffirms Attorney General Opinion 90-78, a copy of which is enclosed. Despite our conclusion that there is not a technical violation of the dual-officeholding provision, we are cognizant of the fact that there may be an ethical problem should the mayor appoint himself as Commissioner of the Housing Authority. We refer all inquiries suggestive of an ethical problem to the Board of Ethics for Elected Officials, pursuant to the attached correspondence.
Very truly yours,
 Richard P. Ieyoub Attorney General
 By: Kerry L. Kilpatrick Assistant Attorney General
Attachment
July 19, 1994
Mr. R. Gray Sexton Executive Secretary Board of Ethics for Elected Officials 7434 Perkins Road Baton Rouge, LA 70808